IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DODGE-REGUPOL, INCORPORATED,

       Plaintiff,                                      Case No.: 3:06-CV-236

vs.

RB RUBBER PRODUCTS, INC.,

       Defendant.

**MEMORANDUM SUPPORTING DEFENDANT'S MOTION
FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**I.  INTRODUCTION**

Defendant RB Rubber Products, Inc. ("RB Rubber") seeks a temporary restraining order and preliminary injunction, enjoining plaintiff Dodge-Regupol, Inc. ("Dodge") from tortiously interfering with RB Rubber's business relationships.  Dodge has been contacting RB Rubber's customers accusing them of infringement and threatening litigation for such customer's use and sale of RB Rubber's product that is at issue in this case.  But, given Dodge's very weak case for infringement (as detailed in the recent *Markman* briefing) and the fact that in the unlikely event Dodge wins this suit, any damage that might be caused by RB Rubber's customers will be recouped from RB Rubber, there is no justification for Dodge's actions.  RB Rubber recently became aware of one customer who has switched its business from RB Rubber to Dodge as a result of these tortious actions taken by Dodge.  As such, RB Rubber requests a temporary restraining order and a preliminary injunction.

## II.  FACTUAL BACKGROUND

RB Rubber designs, manufactures, and sells sound insulation flooring material.  One of its product lines is marketed under the brand name Silent Tread™.  The Silent Tread™ flooring material is sold in thicknesses of 2 mm, 3 mm, and 6.4 mm.

The present lawsuit commenced with Dodge's suit against RB Rubber for infringement of U.S. Patent No. 6,920,723 ("the '723 patent") relating to RB Rubber's Silent Tread™ flooring material.  Importantly, each claim of the '723 patent requires that the flooring material covered by the claims have a thickness of about 10 mm.  The Court is scheduled to hear arguments regarding the interpretation of claims in the '723 Patent at a *Markman* hearing on December 22, 2006.  The *Markman* briefing submitted by the parties makes clear that the most significant issue to be decided by the Court will be the breadth of the "about 10 mm" claim limitation.

Dodge has tortiously interfered with business contacts of RB Rubber by contacting customers, informing them of the lawsuit, and threatening them with suit for the purchase of RB Rubber's Silent Tread™ products.  The customer contacts are prejudicial to RB Rubber for at least two reasons.  First, Dodge's patent infringement case is very weak given that RB Rubber's products are at least 36% thinner than the "about 10 mm" called for in the claims and that such limitation is not entitled to any equivalents under the doctrine of equivalents (as detailed in RB Rubber's *Markman* briefing).

Second, even in the unlikely event that Dodge is successful in establishing patent infringement liability, Dodge will be able to recover all of its damage from RB Rubber.  Simply, there is no need to contact customers regarding the lawsuit and such contact serves no purpose other than to threaten and manipulate the business relationships of RB Rubber Products, Inc.  Thus, the continued customer contact will result in further damage to RB Rubber.

### III.  ARGUMENT

RB Rubber Products, Inc. seeks a temporary restraining order to stop Dodge from contacting customers regarding (1) the patent infringement lawsuit, (2) its allegation that RB Rubber's products infringe the '723 patent, and (3) threats against such customers that litigation against them will be instituted.  Such an order is required in this case to preserve the status quo until there is an opportunity for the Court to rule on the *Markman* issues.

The record and law support a temporary restraining order, because each of the relevant restraining order factors are satisfied:  (1) the balance of harm weighs in favor of a temporary restraining order, (2) RB Rubber Products has suffered, and will continue to suffer, immediate and irreparable injury absent the entry of the requested temporary restraining order and RB Rubber Products has no adequate remedy at law, (3) there is a substantial probability that Dodge will not succeed on the infringement issues at trial, and (4) the public interest weighs in favor of the entry of a temporary restraining order.  *Frank's GMC Truck Center, Inc. v. G.M.C.*, 847 F.2d 100, 102 (3d Cir. 1984).

A.  **Dodge Will Suffer No Legal Harm If the Court Enjoins Its Misconduct**

Dodge will suffer no cognizable harm if enjoined from continuing to contact customers as outlined above.  Simply, Dodge is not entitled to recover twice for patent infringement – once from RB Rubber and again from RB Rubber's customers.  *See ProBatter Sports, LLC v. Joyner Tech., Inc.*, Slip Copy, 2006 WL 3153177 (N.D. Iowa) (finding that patent holder cannot recover against both infringer and infringer's customers); *Katz v. Lear Siegler, Inc.,* 909 F.2d 1459 (D. Mass. 1990).  Thus, a restraining order will in no way restrict Dodge's right to recover on its patent infringement lawsuit because even in the unlikely event that Dodge is successful in its patent infringement lawsuit, Dodge will be able to recover all of its damages from RB Rubber.

3

### B.  RB Rubber Products, Inc. Has Suffered, and Will Continue to Suffer Irreparable Harm If a Temporary Restraining Order is Not Entered

As discussed above, Dodge's actions have caused, and will continue to cause, irreparable harm to RB Rubber if its conduct is not enjoined.  Dodge has apparently instructed its attorneys to send out cease and desist letters to current RB Rubber customers.  *See* Exhibit 1.  RB Rubber has recently become aware that at least one customer has ceased purchasing RB Rubber's product and begun purchasing Dodge product as a direct result of such actions by Dodge.  RB Rubber will likely be seeking to amend its complaint to assert tortious interference with business relationships, but in any event, requires this preliminary relief to ensure no more irreparable harm is caused by Dodge.

### C.  RB Rubber is Likely to Succeed on the Merits of its Claim

To prove that RB Rubber Products, Inc. has infringed the '723 Patent, Dodge must prove that RB Rubber's products contain each and every limitation of at least one claim of the '723 patent.  Each claim of the '723 patent contains, however, the limitation that a rubber substrate have a thickness of "about 10 mm."  As detailed in RB Rubber's *Markman* briefing, which briefing is incorporated herein by reference, the term "about" is to be construed as allowing for only minor deviations from the stated value.  To construe it otherwise, allowing for up to an 80% deviation from the recited value as argued by Dodge, is contrary to common sense and the law.  Even an overly broad 10% deviation from the recited value – such that Dodge's claims cover 9mm to 11mm – would be sufficient to dispose of this case in RB Rubber's favor.

Further, such limitation was added by Dodge during the prosecution of the '723 patent to overcome a prior art rejection.  As such, Dodge is not entitled to any range of equivalents pursuant to the equitable doctrine of equivalents.  In short, there is little chance that Dodge will be able to succeed in its patent infringement assertion.

**D.     The Public Interest Supports Entry of a Temporary Restraining Order**

Given the absence of harm that would be caused to Dodge, it is in the public's interest to allow for the competition between RB Rubber and Dodge during this time until the infringement issue is decided.  Further, the public interest is served by preventing Dodge from asserting or proceeding with separate lawsuits against customers.  Dodge cannot recover any more damage from those customers than it can recover from RB Rubber.

## IV.  CONCLUSION

For the above-stated reasons, RB Rubber requests that a temporary restraining order be entered preventing Dodge from contacting customers regarding (1) the patent infringement lawsuit, (2) its allegation that RB Rubber's products infringe the '723 patent, and (3) threats against such customers that litigation against them will be instituted.

Dated: December 15, 2006          FREY, PETRAKIS, DEEB,
                                  BLUM & BRIGGS, P.C.

                                  By:    /s/ Adam S. Barrist_____
                                         Adam S. Barrist
                                         1601 Market St., Suite 2600
                                         Philadelphia, PA  19103
                                         (215) 563-0500

                                  HARNESS, DICKEY & PIERCE, P.L.C.

                                  By:    /s/ Matthew L. Cutler_____
                                         Rudolph A. Telscher, #8578
                                         Matthew L. Cutler, #78149
                                         7700 Bonhomme, Suite 400
                                         St. Louis, MO  63105
                                         (314) 726-7500
                                  Attorneys for Defendant RB Rubber Products, Inc.