# EXHIBIT 1

| | |
|---|---|
| **From:** | Sandy Wool [swool@marchemcorp.com] |
| **Sent:** | Wednesday, September 23, 2009 10:49 AM |
| **To:** | Art Dodge |
| **Cc:** | Rodney Washburn |
| **Subject:** | FW: Dodge Lawsuit |
| **Attachments:** | Order retaining jursidiction to decide attorneys fees.pdf; scheduling order for hearing.pdf |

Art,

I've forwarded below comments to me from our in house counsel, Rodney Washburn. At this point, I agree with Rodney that any settlement discussions should be handled by each of our company's respective outside counsel. Please feel free to have your outside counsel contact ours to pursue settlement discussions.

Regards,
Sandy

---

**From:** Rodney Washburn [mailto:rodneyw@dashmc.com]
**Sent:** Tuesday, September 22, 2009 5:10 PM
**To:** 'Sandy Wool'
**Subject:** RE: Dodge Lawsuit

Sandon,

The U.S. District Judge presiding over the case has ordered a hearing in order to determine the credibility of witnesses produced by the parties whom have conflicting factual statements in the affidavits. I would estimate that the $300,000 figure is fairly accurate to do a good job at preparing for and conducting the mini-trial.

At this point, the plaintiff (still identified on the pleadings as Dodge-Regupol) has filed a covenant not to sue under patent 6,920,723 and a motion to dismiss. The Court issued an order expressly retaining jurisdiction limited to the issue of inequitable conduct and, by extension RB's motion for attorneys fees. The pending motion seeks an order finding that (1) Dodge-Regupol engaged in inequitable conduct; (2) an award of attorneys fees and (3) finding that the disputed patent is unenforceable as a result of the inequitable conduct.

The Order retaining jurisdiction and the Order scheduling a hearing seem to be good signs for RB Rubber. First, if the Judge was simply looking to get this case off his docket, he could have issued an Order declaring that the Court lost jurisdiction when the covenant not to sue was filed. Second, if the Court was inclined to rule against our motion, it could do so with little risk of overturn on appeal simply on the briefs. However, if the Court was inclined to rule in our favor, we have believed for months that a hearing would be necessary to withstand appellate attack.

If we "win" the remainder of the litigation, we could receive upwards of $900,000+ of attorneys fees and the invalidation of the patent, which under the theory of the "fruit from the poison tree" would invalidate any reissued patent. In addition, if we receive the inequitable conduct

determination, we have already spoken with plaintiffs firms that handle antitrust cases on contingency basis and we would likely pursue additional damages for antitrust violations, including treble damages.

If we "lose" the remainder of the litigation, we would not recover any of the attorneys fees and will incur another $300,000. However, we will retain the ability to challenge any reissued patent with the prior art developed in this case.

To be complete, in response to our motion, Dodge-Regupol filed a response and made a claim for attorney's fees under a theory that our counsel failed to supply the witnesses and documents being relied upon for our motion. We believe this claim to baseless and have ample evidence to produce for the Court demonstrating that such concealment did not occur.

Our last settlement offer exchanged between outside counsel for the parties provided that RB would end the litigation if Dodge-Regupol paid $350,000 of our attorneys' fees and issued a fully paid up license under any reissued patent. Of course, since that time we have incurred significant legal costs so presumably the dollar figure has increased.

Given the timing of these attempts at settlement, after months of inactivity and only when a hearing has been ordered, it seems most productive to direct settlement negotiations, if any, through outside counsel.

Let me know if you have any questions.


RODNEY L. WASHBURN
General Counsel
Dash Multi-Corp, Inc.
2500 Adie Road
Maryland Heights, MO 63043
USA
Telephone 314-432-3200
Fax 314-567-6054


Confidentiality Notice: The information contained in this message may be privileged and/or confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. Note that any views or opinions presented in this message are solely those of the author and do not necessarily represent those of Dash. Finally, the recipient should check this message and any attachments for the presence of viruses. Dash accepts no liability for any damage caused by any virus transmitted by this email. If you have received this in error, please notify the sender immediately by replying to the message and deleting the material from any computer. Dash Multi-Corp, Inc.

---

**From:** Sandy Wool [mailto:swool@marchemcorp.com]
**Sent:** Tuesday, September 22, 2009 2:05 PM
**To:** Rodney Washburn

**Subject:** Dodge Lawsuit

Rodney,

I just got off the phone with Art Dodge and he suggested that a settlement to avoid further legal costs might be in the interest of each of our companies. He mentioned that his counsel had advised him of the upcoming hearing and stated that he believed both Dodge and RB Rubber would each wind up spending another $300K on legal proceedings. During the course of the conversation he said that since neither party had any chance to recover legal expenses, he thought it might be worthwhile for both parties to find a way to avoid additional costs.

What are your thoughts on this?

Sandy