## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DODGE-REGUPOL, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:06-CV-00236 |
| | ) | (The Hon. John E. Jones, III) |
| v. | ) | (The Hon. Martin C. Carlson) |
| | ) | |
| RB RUBBER PRODUCTS, INC., | ) | [FILED ELECTRONICALLY] |
| | ) | |
| Defendant | ) | |
| _____ | ) | _____ |

## OPPOSITION TO RB RUBBER PRODUCTS, INC.'S
## APPEAL OF JUDGE CARLSON'S ORDER DENYING
## RB'S MOTION FOR ATTORNEY FEES

## <u>TABLE OF CONTENTS</u>

**Table of Authorities** ..................................................................................... ii

**I. THE COURT SHOULD AFFIRM JUDGE CARLSON'S DECISION BECAUSE RB FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT DRI COMMITTED INEQUITABLE CONDUCT** ..........................................................1

**II. JUDGE CARLSON DID NOT ABUSE HIS DISCRETION BY DENYING RB'S REQUEST FOR ATTORNEY'S FEES, EVEN ASSUMING *ARGUENDO* THAT DRI COMMITTED INEQUITABLE CONDUCT** ..........................................................4

**CONCLUSION** ........................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Aventis Cropscience, N.V. v. Pioneer Hi-Bred Int'l, Inc.*,
  294 F. Supp. 2d 739 (M.D.N.C. 2003) ....................................................3

*Euclid Chem. Co. v. Vector Corrosion Techs., Inc.*,
  2008 U.S. Dist. LEXIS 73163 (N.D. Ohio Sept. 24, 2008).....................3

*FieldTurf Int'l, Inc. v. Sprinturf, Inc.*,
  433 F.3d 1366 (Fed. Cir. 2006)..............................................................13

*Forest Labs., Inc. v. Abbott Labs.*,
  339 F.3d 1324 (Fed. Cir. 2003).................................................... 12, 13

*Gardco Mfg., Inc. v. Herst Lighting Co.*,
  820 F.2d 1209 (Fed. Cir. 1987)..................................................... 10, 11

*Highway Equip. Co. v. FECO, Ltd.*,
  469 F.3d 1027 (Fed. Cir. 2006)................................................................7

*J.P. Stevens Co. v. Lex Tex Ltd.*,
  822 F.2d 1047 (Fed. Cir. 1987).................................................... 10, 11

*Leviton Mfg. Co. v. Shanghai Meihao Elec., Inc.*,
  613 F. Supp. 2d 670 (D. Md. 2009)....................................................7, 8

*Lighting World, Inc. v. Birchwood Lighting, Inc.*,
  382 F.3d 1354 (Fed. Cir. 2004)................................................. *passim*

*Monsanto Co. v. Bayer Bioscience N.V.*,
  514 F.3d 1229 (Fed. Cir. 2008)................................................................7

*Orthopedic Equipment Co. v. All Orthopedic Appliances, Inc.*,
  707 F.2d 1376 (Fed. Cir. 1983)..............................................................10

*Pennsylvania Crusher Co. v. Bethlehem Steel Co.*,
  193 F.2d 445 (3d Cir. 1951)...................................................................13

*Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*,
   182 F.3d 1356 (Fed. Cir. 1999)................................................................5

*Power Mosfet Technologies, L.L.C. v. Siemens, AG*,
   378 F.3d 1396 (Fed. Cir. 2004)................................................................6

*Wedgetail, Ltd. v. Huddleston Deluxe, Inc.*,
   576 F.3d 1302 (Fed. Cir. 2009)......................................................... 9, 10

*W. L. Gore & Associates, Inc. v. Oak Materials Group, Inc.*,
   424 F. Supp. 700 (D. Del. 1976)..............................................................6

## Statutes

28 U.SC § 636(b)(1)(A) ........................................................................1, 2

35 U.S.C. § 285 ........................................................................ 5, 6, 12, 13

Plaintiff Dodge-Regupol, Inc. ("DRI") respectfully submits this opposition to defendant RB Rubber Products, Inc.'s ("RB") Appeal of Judge Carlson's ruling denying RB's Motion for Attorney's Fees.[1] The Court had referred RB's motion to Judge Carlson under 28 U.S.C. § 636(b)(1)(A). Dkt. 148 at 5. Judge Carlson's decision should be affirmed unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As RB has failed to prove that Judge Carlson committed any error, let alone reversible error, the Court should affirm his decision.

## I.    THE COURT SHOULD AFFIRM JUDGE CARLSON'S DECISION BECAUSE RB FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT DRI COMMITTED INEQUITABLE CONDUCT

The one thing that RB and both judges involved in this case have all agreed upon is that RB has failed to prove that DRI committed inequitable conduct. This Court so held when it stated that declarations the parties submitted "reveal direct disputes of material facts." Dkt. 139 at 2. Similarly, Judge Carlson held that "a final judgment on [the inequitable conduct] issue[] would require protracted litigation." March 31, 2010, Memorandum Opinion and Order ("Judge Carlson Order") at 28-29, Dkt. 162. Moreover, even *RB* has conceded that its pleadings failed to prove by clear and convincing evidence that DRI committed inequitable conduct when its counsel stated that "if the Court was inclined to rule against our [attorney's fees] motion, *it could do so with little risk of overturn on appeal*

---

[1] DRI notes that when RB filed its appeal, it incorrectly stated that the appeal was filed by DRI. Dkt. 166. RB filed its own appeal.

*simply on the briefs*." Dkt. 144 Exh. 1 at 1 (emphasis added).   Indeed, although

RB requested that the Court find that DRI committed inequitable based merely on

its pleadings (Dkt 132 at 25), it knew that if the Court made such a finding, the

Court would be committing reversible error because, as *RB's counsel explained*,

"we have believed for months that *a hearing would be necessary to withstand*

*appellate attack*." Dkt 144 Exh. 1 at 1 (emphasis added).

Judge Carlson decided that a hearing was not necessary to decide RB's

motion for attorney's fees.  *See* Judge Carlson Order at 32-34 (discussing reasons

that a hearing is not appropriate).  His decision not to have a hearing was correct

and was certainly not "clearly erroneous or contrary to law."  28 U.SC §

636(b)(1)(A).  Judge Carlson correctly cited a Federal Circuit case directly on

point in holding that RB was not entitled to "a bench trial on the issue of

inequitable conduct after the complaint has been voluntarily dismissed with

prejudice and judgment had already been entered."  Judge Carlson Order at 33

(*citing Lighting World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354, 1366-67

(Fed. Cir. 2004)).  In *Lighting World*, the defendant had "taken the unusual tack of

raising inequitable conduct in its attorney fee request even though it did not litigate

that issue prior to the entry of judgment on the merits."  *Id.* at 1366.  The same is

true here, where RB did not litigate the issue of DRI's alleged inequitable conduct

until after the Court had dismissed the case.  Thus, as Judge Carlson correctly held,

RB, like the defendant in *Lighting World*, was not entitled to "a full trial on the issue of inequitable conduct as part of the attorney fee motion."  Judge Carlson Order at 33 (*quoting Lighting World,* 382 F.3d at 1367).

As Judge Carlson noted, numerous courts have correctly held that "fee litigation [should not] be the tail that wags the dog."  Judge Carlson Order at 34 (*quoting Aventis Cropscience, N.V. v. Pioneer Hi-Bred Int'l, Inc.*, 294 F. Supp. 2d 739, 744 (M.D.N.C. 2003)).  Thus, Judge Carlson was also correct when he approvingly quoted from *Euclid Chem. Co. v. Vector Corrosion Techs., Inc.*, 2008 U.S. Dist. LEXIS 73163, *20 (N.D. Ohio Sept. 24, 2008) that "[f]ee litigation is not to be used as a means for a party to litigate the substantive merits of the case."  Judge Carlson Order at 32.  Accordingly, as Judge Carlson correctly held, a hearing was not necessary because such a hearing would run counter to "public policy . . . by permitting a full, new trial of substantive issues already dismissed from the case."  *Euclid*, 2008 U.S. Dist. LEXIS at *21.

In any event, RB did not appeal Judge Carlson's decision not to hold a hearing on its motion.  Rather, RB only appealed "the portion of Magistrate Judge Carlson's [Order] that denied RB Rubber's motion for attorney fees."  Brief in Support of RB Rubber's Appeal ("RB Br.") at 1, Dkt. 166.  Thus, because RB has conceded that its pleadings do not prove that DRI committed inequitable conduct, *see* Dkt 144 Exh. 1 at 1, and RB did not ask the Court to overrule Judge Carlson's

3

decision not to have a hearing, there is no basis that the Court can find that DRI committed inequitable conduct, and RB's appeal of Judge Carslon's order denying RB its attorney's fees must fail.[2]  The Court should affirm Judge Carlson's decision denying RB its attorney's fees.

## II.    JUDGE CARLSON DID NOT ABUSE HIS DISCRETION BY DENYING RB'S REQUEST FOR ATTORNEY'S FEES, EVEN ASSUMING *ARGUENDO* THAT DRI COMMITTED INEQUITABLE CONDUCT

RB's appeal should be denied because RB has failed to demonstrate that Judge Carlson committed any error, let alone reversible error.  Nevertheless, RB argues that the Court should reverse Judge Carlson's decision because it was allegedly based on 1) allegedly improperly applying Third Circuit case law, RB Br. at 7; 2) applying an "incorrect presumption against the award of fees where the Plaintiff voluntarily dismisses its case after the defendant discovers its inequitable conduct," *id.* at 8; and 3) failing "to consider the totality of the circumstances." *Id.* at 10.  DRI will address each of these incorrect arguments in turn.

As RB explains, in deciding whether to award attorney's fees, the trial court must first determine:  "(1) whether there is clear and convincing evidence that the case is exceptional and (2) whether an award of fees to the prevailing party is

---

[2]  Although RB previously argued that it was entitled to attorney's fees based on DRI's alleged litigation misconduct, nowhere in its brief does it even allege that Judge Carlson was incorrect in not granting RB its attorney's fees based on DRI's alleged litigation misconduct.  Thus, that part of Judge Carlson's order was also not appealed by RB.

warranted." *Id.* at 5-6.  RB argues that, in deciding the second step (whether an award of fees is warranted), Judge Carlson erroneously used Third Circuit law.  RB Br. at 7.  But RB never explains how Federal Circuit law is different from Third Circuit law.  Such an explanation is lacking because there is no difference in Federal Circuit and Third Circuit law on this issue.  RB complains, however, that it was improper for Judge Carlson to consider Third Circuit law because that circuit "applies section 285 in a particularly ***exacting fashion***."  *Id.* at 7 (*quoting* Judge Carlson Order at 15) (emphasis added by RB).  But while RB emphasizes and complains that the Third Circuit applies "section 285 in a particularly ***exacting fashion***," it fails to inform the Court that the Federal Circuit likewise employs the same "***exacting standard*** . . .  to attorney fee requests [under Section 285]." *Lighting World*, 382 F.3d at 1367 (emphasis added).  Thus, the entire foundation of RB's appeal, that Judge Carlson's alleged reliance on the Third Circuit's "exacting" standard "permeates the Opinion and incorrectly states the law," RB Br. at 7, is completely incorrect because the Federal Circuit employs the same "exacting standard." [3]  Thus, it is RB and not Judge Carlson who has incorrectly stated the law.  The Court should affirm Judge Carlson's decision.

_____

[3] Moreover, it is unclear whether Federal Circuit law applies to the second step (the award of attorney's fees).  While numerous Federal Circuit cases have held that the first step in the process (deciding whether the case is exceptional due to inequitable conduct) is decided under Federal Circuit law, *see, e.g.*, *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 182 F.3d 1356, 1359 (Fed. Cir. 1999) ("[Federal Circuit]

RB next argues that Judge Carlson applied an "incorrect presumption against the award of fees where the Plaintiff voluntarily dismisses its case after the defendant discovers its inequitable conduct," that gives a plaintiff a "free 'first bite.'" *Id.* at 8, 9. Judge Carlson did no such thing. Judge Carlson merely held that when a plaintiff voluntarily dismisses its case, that is a factor that a court should consider and that "typically" courts do not grant attorney's fees in such cases. Judge Carlson Order at 30. It is not surprising that courts do not typically grant attorney's fees in such cases because "[w]here a case is dismissed prior to trial, an extremely heavy burden is placed on the moving party to establish entitlement to attorneys' fees [under Section 285], in light of the extraordinary nature of the relief." *W. L. Gore & Associates, Inc. v. Oak Materials Group, Inc.*, 424 F. Supp. 700, 703 (D. Del. 1976).

Indeed, the fact that courts do not "typically" grant attorney's fees when the plaintiff withdraws its claim is demonstrated by the fact that of the two Federal

---

precedent governs the substantive interpretation of 35 U.S.C. § 285, which . . . [includes] inequitable conduct"), it does not appear that the Federal Circuit has ever decided whether the second step is decided under Federal Circuit law. In an analogous context (whether costs should be awarded to a prevailing party), however, the substantive issue of whether a party prevailed is decided under Federal Circuit law, while "[t]he district court's actual decision regarding an award of costs . . . is reviewed under the law of the regional circuit." *Power Mosfet Technologies, L.L.C. v. Siemens, AG*, 378 F.3d 1396, 1415 (Fed. Cir. 2004). Thus, under the logic of *Power Mosfet*, it would appear that the actual award of attorney's fees would be decided under Third Circuit law. The Court does not need to decide this issue, however, because the standard is the same under both Third Circuit law and Federal Circuit law.

Circuit cases that RB cites in support of its argument, RB Br. at 8, one actually *denied* the defendant's request for attorney's fees. *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1036-37 (Fed. Cir. 2006). Thus, the only Federal Circuit case that RB cites to that provides any support for its argument is *Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229 (Fed. Cir. 2008). But that case is very different from this case. In *Monsanto*, the parties had litigated the unenforceability of the patents-at-issue for over four years. Only after the lower court had issued a summary judgment ruling against the patentee, which was subsequently reversed by the Federal Circuit, did the patentee dismiss all claims regarding some, but not all, of the patents-at-issue. *Id.* at 1232-33. Here, on the other hand, DRI's alleged inequitable conduct was not even brought into the case until the Court retroactively entered and dismissed RB's inequitable conduct claim when the Court granted DRI's motion to dismiss the entire case. Dkt. 99. Thus, there has been no discovery on this issue. In addition, no adverse summary judgment motions have been issued against DRI, nor has this case been previously appealed to the Federal Circuit.

RB next argues (RB Br. at 6) that *Leviton Mfg. Co. v. Shanghai Meihao Elec., Inc.*, 613 F. Supp. 2d 670 (D. Md. 2009), demonstrates that Judge Carlson committed error. In that case, the district court reviewed the magistrate judge's decision *de novo* and then adopted that decision as the opinion of the Court. *Id.* at

7

678-79.  RB argues that case has "a procedural posture remarkably similar to that here."  RB Br. at 6.  But that statement is simply not true.  First, unlike this case, the issue of the plaintiff's inequitable conduct (via a declaratory judgment claim for unenforceability) had been raised in the case from the very beginning with "contentious and protracted" discovery on the "inequitable conduct" issue.  *Leviton*, 613 F. Supp. 2d at 678.  Second, in that case there was "no dispute as to material fact" regarding plaintiff's inequitable conduct.  *Id.* at 692.  Here, on the other hand, both this Court and Judge Carlson found that there were disputes of material fact regarding whether DRI had committed inequitable conduct.[4]  Dkt. 139 at 2 (there are "direct disputes of material facts"); Judge Carlson Order at 28-29 ("a final judgment on [the inequitable conduct] issue[] would require protracted litigation").

Most importantly, not only does *Leviton* not support RB's argument, but it actually conclusively demonstrates that RB's argument is wrong.  *Leviton* explicitly stated that "***if there are genuine disputes as to material facts***, which prevent the judge as factfinder from determining the facts without the taking of further evidence or assessing the credibility of the witnesses, ***the motion [for attorney's fees] should be denied***."  *Leviton*, 613 F. Supp. 2d at 689 (emphasis

---

[4] Indeed, even RB has conceded that it would have been reversible error for the Court to grant RB's motion without a hearing because it "believed for months that ***a hearing would be necessary to withstand appellate attack***."  Dkt 144 Exh. 1 at 1 (emphasis added).

added).  Here, as both this Court and Judge Carlson have found that there are material facts at issue, *Leviton* demonstrates that Judge Carlson's order denying RB's motion for attorney's fees was unquestionably correct.

Further, the two Federal Circuit cases most on point, *Lighting World* and *Wedgetail, Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302 (Fed. Cir. 2009), also demonstrate that Judge Carlson correctly denied RB's motion for attorney's fees. In both *Lighting World* and *Wedgetail*, the defendants (like here) did not raise the issue of inequitable conduct until the case was dismissed.  *Lighting World,* 382 F.3d at 1365; *Wedgetail,* 576 F.3d at 1306.  In both cases, the Federal Circuit affirmed the lower court's refusal to find inequitable conduct and its denial of attorney's fees.  RB attempts to distinguish *Wedgetail* because RB argues it provided more evidence to support its claim of inequitable conduct.[5]  RB Br. at 8. But the one fact that the Federal Circuit explicitly mentioned as fatal to the claim for attorney's fees in *Wedgetail* was that the moving party did not state "the amount of attorney fees sought."  *Id.*  So too here, RB has failed to provide "the amount of attorney fees sought."  Thus, both *Lighting World* and *Wedgetail* demonstrate that Judge Carlson correctly denied RB's claim for attorney fees.[6]

---

[5]  Although cited at least twice by Judge Carlson, Judge Carlson Order at 33, RB did not attempt to distinguish *Lighting World.*

[6]  RB also attempts to distinguish *Wedgetail* because the defendant had not filed a fee motion in that case.  RB Br. at 8.  But that was not the basis for the Federal

Nevertheless, RB argues that it should receive its attorney's fees because where "a party violates [its] duty of candor, the market (and ultimately consumers) suffer from the presence of a patent that should never have been granted." RB Br. at 9. It goes on to argue that the Court must grant attorney's fees once inequitable conduct has been found (which was never found here) because a "party's opportunity to avoid financial repercussions is prior to filing suit." *Id.* at 10. But inequitable conduct in procuring a patent always entails engaging in intentional "fraud[ulent] or . . . egregious conduct" to procure the patent. *Orthopedic Equipment Co. v. All Orthopedic Appliances, Inc.*, 707 F.2d 1376, 1383 (Fed. Cir. 1983). Therefore, RB's argument would ***require*** a court to ***always*** award attorney's fees once it found inequitable conduct. But RB's argument is directly precluded by binding Federal Circuit authority that holds that a party is ***not*** "entitled to an award of attorney fees simply upon showing that the applicant engaged in inequitable conduct." *Lighting World*, 382 F.3d at 1367; *accord J.P. Stevens Co. v. Lex Tex Ltd.*, 822 F.2d 1047, 1050 (Fed. Cir. 1987) (if a court finds a case exceptional "then it is within the court's discretion to award attorneys' fees to the prevailing party"); *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1215 (Fed. Cir. 1987) (proving inequitable conduct does not "result in an

---

Circuit's decision. The Federal Circuit reached the merits of the defendant's appeal because the defendant had argued that filing an attorney's fee motion would have been futile. The Federal Circuit found that the district court did not commit error "in failing to find a case exceptional." *Wedgetail,* 576 F.3d at 1306.

automatic attorney fee award"). Thus, Judge Carlson was correct in denying RB's motion for attorney's fees.

Finally, RB argues that Judge Carlson's order should be reversed for failing "to consider the totality of the circumstances." RB Br. at 10. That statement is false. Judge Carlson did "consider the totality of the circumstances." Nowhere does RB point to anything that Judge Carlson did not consider, nor does RB ever even explain what Judge Carlson needed to consider under binding Federal Circuit law. RB's silence on what Judge Carlson needed to consider is understandable, however, because Judge Carlson's opinion fully complies with Federal Circuit law.

The Federal Circuit has explained that in granting attorney fees, a court should consider the "closeness of the case, tactics of counsel, the conduct of the parties and any other factors that may contribute to a fairer allocation of the burdens of litigation as between winner and loser." *J.P. Stevens,* 822 F.2d at 1051 (internal quotation omitted). Here, Judge Carlson considered each of these issues. *See* Judge Carlson Order at 29. In particular, he found that "any finding of inequitable conduct would be a close case turning on credibility determinations between witnesses with differing and compelling interests." *Id.* at 30. Regarding the conduct of counsel and the parties, he found that "while there may have been instances in which the parties each placed a greater value on tactical advantage than on timely transparency, the actions of the parties in the course of discovery do

not rise to the level of misconduct warranting sanctions and fees." *Id.* at 20.

Finally, as regards the "allocation of the burdens of litigation as between winner

and loser," he noted that as a result of this litigation "RB has substantially opened

markets in this flooring trade for itself, and has significantly curtailed the ability of

[DRI] . . . to use this patent claim to maintain its market position." *Id*. at 31.

Accordingly, Judge Carlson properly found that "[g]iven these economic realities,

further allocation of the costs of this litigation through fee shifting is neither

necessary nor appropriate here." *Id.*

     RB points to ***nothing*** that Judge Carlson failed to consider.  Instead, RB

merely makes the improper accusation that Judge Carlson "declined to award fees

no matter what the evidence of inequitable conduct and litigation misconduct, if

fully vetted, would show."  RB Br. at 10.  Despite RB's attack on Judge Carlson,

his opinion clearly demonstrates that he gave careful and thorough consideration to

each of the factors that the Federal Circuit has held he should consider in deciding

whether to award attorney's fees.  Thus, RB's claim that the Court should reverse

Judge Carlson because he failed to consider "the totality of the circumstances" is

flatly wrong.

     The Federal Circuit has repeatedly held that an award of attorney's fees

under "§ 285 is limited to circumstances in which it is necessary to prevent 'a gross

injustice' to the accused infringer."  *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d

12

1324, 1329 (Fed. Cir. 2003) (reversing an award of attorney's fees); *FieldTurf Int'l, Inc. v. Sprinturf, Inc.*, 433 F.3d 1366, 1373 (Fed. Cir. 2006) (same); *accord Pennsylvania Crusher Co. v. Bethlehem Steel Co.*, 193 F.2d 445, 451 (3d Cir. 1951) (reversing an award of attorney's fees under § 285 because attorney's fees should be awarded only "to prevent a gross injustice to an alleged infringer"). Here, RB has not even alleged that it would be a "gross injustice" if it had to pay its own fees.  Accordingly, Judge Carlson did not abuse his discretion by refusing to award RB its attorney's fees, and the Court should affirm his judgment.

## CONCLUSION

For the foregoing reasons, the Court should affirm Judge Carlson's judgment denying RB's motion for its attorney's fees.

Respectfully submitted,

Dated:  April 30, 2010

OF COUNSEL:
William T. Enos, Esq.
Robert C. Nissen, Esq.
OBLON, SPIVAK, McCLELLAND
  & NEUSTADT, L.L.P.
1940 Duke Street
Alexandria, VA  22314

By:  s/ Joseph Wolfson
     Joseph Wolfson, Esq.
     STEVENS & LEE P.C.
     620 Freedom Business Center
     Suite 200
     P.O. Box 62330
     King of Prussia, PA  19406
     Tel:  (610) 205-6019
     Fax:  (610) 988-0808

     *Attorneys for Plaintiff*
     *Dodge-Regupol, Incorporated*
     *(n/k/a ECORE International)*

13

<u>CERTIFICATE OF SERVICE</u>

I, JOSEPH WOLFSON, ESQUIRE, certify that on this date the foregoing Opposition to RB Rubber Products, Inc.'s Appeal of Judge Carlson's Order Denying RB's Motion for Attorney Fees was filed electronically and made available for viewing via the Court's ECF system.  I further certify that I served a true and correct copy upon the following counsel of record, addressed as follows:

**VIA HAND DELIVERY:**
Adam S. Barrist, Esquire
Frey Petrakis Deeb Blum & Briggs
1601 Market Street
Suite 2600
Philadelphia, PA   19103

**VIA U.S. MAIL:**
Rudolph A. Telscher, Esquire
Harness Dickey & Pierce
7700 Bonhomme
Suite 400
St. Louis, MO   63105

                              s/ Joseph Wolfson_____

Date:  April 30, 2010