

**Rudolph A. Telscher**
Direct Dial: 314-726-7515
rtelscher@hdp.com

May 12, 2010

VIA ELECTRONIC FILING

The Honorable John E. Jones, III
United States District Court for the Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA 17108

      Re:    Dodge-Regupol, Inc. vs. RB Rubber Products, Inc.
             Case No. 06-0236

Dear Judge Jones:

      We write in response to the May 12, 2010 letter filed by Dodge-Regupol, Inc., and to address the timing of Defendant's Reply Brief In Support of RB Rubber's Appeal and Objections to March 31, 2010 Ruling (Dkt # 170).

      Virtually every filing in this case – and, as the Court is no doubt aware, there have been volumes – has been served on the opposing party electronically and not by hand. Deviating from this established practice, Dodge-Regupol inexplicably served its Opposition Brief (Dkt #169), **by hand service on RB Rubber's local counsel**. Dodge-Regupol did not serve RB Rubber's lead counsel by hand, nor did Dodge-Regupol alert RB Rubber that it had served its local counsel by hand. Having no reason to suspect that its local counsel had been served by hand, RB Rubber's lead counsel failed to appreciate the service method disclosed on the certificate of service, and inadvertently miscalculated the due date for the Reply by one business day, *i.e.*, RB Rubber calculated the date as Monday, May 10 (for electronic service) versus Friday, May 7 (for hand service). While we regret not catching this detail in the certificate of service, we respectfully request the Court to not strike RB Rubber's brief.

      Indicative of the shenanigans Dodge-Regupol has repeatedly undertaken throughout this litigation, Dodge-Regupol fails to explain these circumstances in its letter to the Court, and implies that it has taken the high road by not filing a motion to strike, which, of course, its letter filing is the same as a motion to strike in that it cites cases and does everything but affirmatively move to strike. There was no reason for Dodge-Regupol to effectuate service in the manner it

The Honorable John E. Jones, III
May 12, 2010
Page 2 of 2

did, except to hope that lead counsel would miss the date (as it did), and Dodge-Regupol could once again distract this Court from considering the merits of RB Rubber's position.

RB Rubber, respectfully requests that this Court reject Dodge-Regupol's invitation and accept this letter as a Motion under Fed. R. Civ. P. 6(b) to file the Reply Brief beyond the expired time. (If the Court directs, RB Rubber will present a separate motion and memorandum). As indicated in Dodge-Regupol's letter, it has not been harmed by the weekend delay, and good cause exists to accept the filing and resolve this matter on the merits. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) ("we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable.")

For all of these reasons, RB Rubber requests that this Court excuse the inadvertent filing date error and accept RB Rubber's Reply Brief and the substantive points presented therein.

Best regards,

Rudolph A. Telscher, Jr.

cc:  Joseph Wolfson (via e-mail & ECF service)

60675422.1