**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DODGE-REGUPOL, INC. | : | 3:06-cv-00236 |
| Plaintiff, | : | |
| v. | : | |
| RB RUBBER PRODUCTS, INC. | : | |
| Defendant. | : | Hon. John E. Jones III |

**MEMORANDUM AND ORDER**

**December 7, 2010**

## I.   INTRODUCTION

Before the Court in this protracted patent litigation is Appellant RB Rubber Products, Inc.'s ("Appellant" or "RB") Appeal and Objections to the March 31, 2010 ruling of Magistrate Judge Martin Carlson. (Doc. 165.) In that ruling, Magistrate Judge Carlson issued a thorough and well-reasoned opinion that denied the parties' competing motions for attorneys fees. (Docs. 161-162.) After thorough consideration, we agree with Magistrate Judge Carlson that the record provides no basis to deviate the "American Rule" that each party bears its own costs. Therefore, for the reasons articulated in this Memorandum, we deny Appellant's appeal (Doc. 165) and affirm Magistrate Judge Carlson's denial of both Appellant's Motion for Attorneys' Fees and Costs and Appellee Dodge-

1

Regupol, Inc.'s ("Dodge-Regupol") Motion for Attorneys' Fees and Costs.

## II. STANDARD OF REVIEW

Pursuant to the Magistrates Act, we apply the clearly erroneous standard of review to a non-dispositive decision. 28 U.S.C. § 636(b). "A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Because we write solely for the parties, who are all too familiar with the procedural posture of this litigation, we incorporate by reference Magistrate Judge Carlson's statement of the case, and only briefly highlight the broader background of this action. Dodge-Regupol initiated this action by filing a Complaint on January 31, 2006 (Doc. 1) that asserted causes of action for patent infringement against RB. Specifically, Dodge-Regupol claimed that RB infringed upon Dodge-Regupol's patented flooring underlay; RB in turn challenged the validity of the patent. After years of litigation rife with discovery disputes as well as surprise discoveries, we dismissed the action with prejudice on November 12, 2008 pursuant to Dodge-Regupol's motion for voluntary dismissal under Federal Rule of

Civil Procedure 41(a)(2) (Doc. 85).  (Doc. 99.)  In the accompanying Memorandum, we noted that although Dodge-Regupol's voluntary dismissal of the action and accompanying covenant not to sue divested the Court of jurisdiction to hear RB's counterclaims, the Court nonetheless retained jurisdiction over any motion for attorneys' fees under 35 U.S.C. § 285 for litigation misconduct.  RB filed its Motion for Fees and Costs on December 19, 2008 (Doc. 106) and Dodge-Regupol filed its Motion for Fees and Costs under Federal Rule of Civil Procedure 37 on February 23, 2009.

On March 31, 2010, Magistrate Judge Carlson issued an opinion and order (Docs. 161-62) that denied each party's Motion for Attorneys' Fees and Costs.  Dodge-Regupol does not appeal the denial of their motion for fees and costs under Federal Rule of Civil Procedure 37, and therefore we will accept Magistrate Judge Carlson's findings with respect to their Motion without the need for analysis.  (Doc. 121.)  RB did, however, appeal the denial of its fee petition.  Thus, nearly five years and one-hundred and seventy-three docket notations after the commencement of this litigation, we are called upon to settle the final outstanding issue in this action – RB's Motion for Fees and Costs, asserted under 35 U.S.C. § 285.

## III. DISCUSSION

The so-called "American Rule" is a well-accepted doctrine under which each party to litigation typically bears its own attorneys' fees and costs. The exceptions to this rule are few, and most often call upon the court to exercise its equitable power to remedy abuse of the judicial process. RB seeks to avail itself of one of these narrow exceptions to the American Rule: a provision of patent law that allows for fee-shifting in "exceptional cases." 35 U.S.C. § 285. RB asserts that when Dodge-Regupol applied for the relevant flooring patent, it materially misled the United States Patent and Trademark Office ("PTO") by concealing prior art of which it was aware. RB further claims that Dodge-Regupol continued this concealment through the course of discovery in this action, and, when its material omission was revealed, voluntarily dismissed the action because of it. Therefore, RB maintains that, because of this alleged prior to and during litigation, it is entitled for its attorneys' fees and costs incurred.

To reiterate, section 285 provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Thus, deciding whether to award fees and costs under § 285 is a two step inquiry: a court must first find whether "exceptional circumstances" are or were present and then, if so, must exercise its discretion to determine whether an award of fees and costs is warranted. We will detail that two-step inquiry below.

The requirement of "exceptional circumstances" clearly demonstrates Congress' intent that such sanctions only be used sparingly, in those cases where it is necessary to prevent a gross injustice. With this in mind, the Federal Circuit has consistently held that § 285 is a very narrow exception and, thus, "only a limited universe of circumstances warrant a finding of exceptionality in a patent case: 'inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement.'" *Wedgetail, Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1304 (Fed. Cir. 2009) (quoting *Epcon Gas Sys. Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed. Cir. 2002)). The party seeking sanctions bears the burden of supporting allegations of such circumstances by clear and convincing evidence. *See Hoffman La-Roche, Inc. v. Invamed, Inc.*, 213 F.3d 1359, 1365 (Fed Cir. 2000).

The basis for RB's plea for fees and costs is based upon alleged inequitable conduct before the PTO and subsequent litigation misconduct for a failure to disclose during discovery the underlying concealment of prior art. "[T]o reach a finding of inequitable conduct, the district court must determine that information known to the inventors or their representatives was both material and intentionally withheld." *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001) (citing FMC Corp. v. Manitowoc Co., 835 F.2d 1411 1415 (Fed.

Cir. 1987)). Information is material if "there is a substantial likelihood that a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent." *Id.* (citing *J.P. Stevens & Co. v. Lex Tex Ltd.*, 747 F.2d 1553, 1559 (Fed. Cir. 1984)). Further, the evidence must demonstrate that the patentee acted with an intent to deceive; however, the showing of intent can be proportionally less in the event of high materiality of the information. *See id.* 1380-81.

With respect to litigation misconduct, Magistrate Judge Carlson aptly quoted a passage from an opinion of the District Court for the Western District of North Carolina that we likewise find instructive:

> It is the judicial duty to refuse to condone behavior that exceeds reasonable litigation tactics. *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1575 (Fed. Cir. 1996). However, "[e]ven an exceptional case does not require in all circumstances the award of attorneys' fees." *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986). The purpose of § 285 is "to provide discretion where it would be *grossly unjust* that the winner be left to bear the burden of his own counsel which prevailing litigants normally bear." *J.P. Stevens & Co. v. Lex Tex Ltd.*, 822 F.3d 1047, 1052 (Fed. Cir. 1987) (emphasis in original). [. . .] The court "may consider the litigation actions of both sides in connection with § 285. The court's decision as to the award of attorneys' fees "should be in furtherance of the policies of the laws that are being enforced, as informed by the court's familiarity with the matter in litigation and the interest of justice.

(Doc. 162 at 23 (quoting *Cabot Corp. v. Solution Technology, Inc.*, 122 F. Supp. 2d 599, 644-45 (W.D.N.C. Oct. 10, 2000))). Thus, even questionable discovery

tactics do not necessarily render a case "exceptional", and even an exceptional case does not necessarily warrant fees and costs if it would not be "grossly unjust" for the prevailing party to bear its own fees and costs.

In his discretion, Magistrate Judge Carlson fully considered the issue of fees and costs under § 285 and refused to grant RB's Motion for Attorneys' Fees and Costs. Judge Carlson noted that each party in the litigation complained of the timing and completeness of the discovery disclosures, and that there "may have been instances in which the parties each placed a greater value on tactical advantage than on timely transparency[.]" (Doc. 162 at 20.) Nonetheless, Judge Carlson found that the record did not demonstrate the level of misconduct that would warrant awarding sanctions and fees because the record did not support a "finding of unfairness or bad faith in the conduct of the losing party . . . which makes it *grossly unjust* that the winner of the particular lawsuit be left to bear the burden of his own counsel fees which prevailing litigants normally bear." (Doc. 162 at 22 (quoting *R.M. Palmer Co. v. Ludens, Inc.*, 236 F.2d 496, 501-02 (3d. Cir. 1956))).

Further, with respect to RB's allegations of inequitable conduct before the PTO, the opinion details and considers the argument and evidence in that respect, and concludes that "while we could infer inequitable conduct on these facts, we

will decline to make such a finding and instead conclude that, even if we assume that there was inequitable conduct here, the proper exercise of discretion is for each party to bear its own costs." (Doc. 162 at 27.) Magistrate Judge Carlson found that the exercise of discretion controls, even if there was a finding of inequitable conduct, and held that the circumstances under which the case was voluntarily dismissed and the necessary credibility determinations between two conflicting parties in a longstanding dispute both weighed against awarding fees and costs under § 285.

RB contends that the decision to not award costs and fees under § 285 was based upon underlying errors of law. RB maintains that Magistrate Judge Carlson applied a fee-shifting standard that is inconsistent with controlling authority. (*See* Doc. 166 at 7.) In support of this argument, RB maintains that Magistrate Judge Carlson improperly applied Third Circuit case law from before the establishment of the Federal Circuit and "articulate[d] an unwarranted and incorrect presumption against the award of fees where the Plaintiff voluntarily dismisses its case. . . ." (Doc. 166 at 8.) Finally, RB maintains that Magistrate Judge Carlson did not fully consider the totality of the circumstances when he declined to grant RB's fee motion. We disagree.

Upon fully considering all of the evidence, Magistrate Judge Carlson's

opinion, and RB's objections, we are in no way "left with the definite and firm conviction that a mistake has been committed." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). We find that RB's characterization of the portions of the opinion they claim are in clear error is inapt. First, Magistrate Judge Carlson did not rely on erroneous Third Circuit case law in the face of controlling Federal Circuit law. Rather, those Third Circuit opinions cited merely bolster the principles articulated in Federal Circuit case law regarding the standard by which a court considers fee petitions.[1] Further, Magistrate Judge Carlson did not invoke a nonexistent presumption of denial when a party voluntarily dismisses an action. Rather, he properly considered the dismissal a part of the totality of the circumstances, and, in accord with Federal Circuit case law, found that the factor weighed in favor of denial of the petition in this action.

Finally, to the extent that RB asserts that it was error to exercise the proper judicial discretion to deny the fee petition in spite of allowing RB the assumption

---

[1] *Compare R.M. Palmer Co. v. Ludens, Inc.*, 236 F.3d 496, 501-02 (3d Cir. 1956) ("The exercise of discretion in favor of the allowance should be bottomed upon a finding of unfairness or bad faith in the conduct of the losing party . . . which makes it grossly unjust that the winner of the particular law suit be left to bear the burden of his own counsel fees which prevailing litigants normally bear.") (cited at 12, 22) *and Pennsylvania Crusher, Co. v. Bethlehem Steel, Co.*, 193 F.2d 445, 451 (3d Cir. 1951) (Section 285 is "designed to prevent a gross injustice to an alleged infringer.") (cited at 12) *with J.P. Stevens Co., Inc. v. Lex Tex Ltd., Inc.*, 822 F.2d 1047, 1052 (Fed. Cir. 1987) ("Rather, [§ 285's] purpose is to provide discretion where it would be *grossly unjust* that the winner be left to bear the burden of his own counsel which prevailing litigants normally bear.") (cited at 14).

9

of inequitable conduct, we disagree and find that Magistrate Judge Carlson committed no clear error of law. RB disregards the law in this respect: a finding of inequitable conduct (which was never actually made) does not mandate an award of fees and costs. Rather, inequitable conduct merely renders the sort of "exceptional" case in which a court *may* award fees and costs. *See* 35 U.S.C. § 285. Magistrate Judge Carlson did not disregard or erroneously interpret the law – rather, he properly determined that, even if all evidence that could possibly be revealed throughout protracted litigation regarding inequitable conduct was in RB's favor, the proper exercise of discretion weighed against awarding fees.

## V. CONCLUSION

For the reasons articulated in this Memorandum, we find that the conclusions reached in Magistrate Judge Carlson's Opinion and the denial of Dodge-Regupol's Motion for Attorneys' Fees and Costs (Doc. 121) and RB Rubber's Motion for Attorneys' Fees and Costs (Doc. 106) are not clearly erroneous. Therefore, we will deny RB Rubber's Appeal (Doc. 165) and affirm the March 31, 2010 Order (Docs. 161, 162). Because this appeal is the last matter pending disposal in this previously-settled action, an order closing the action shall issue.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Appellant RB Rubber Product's Appeal of Magistrate Judge's Decision (Doc. 165) is **DENIED**;

2. Magistrate Judge Carlson's March 31, 2010 Opinion and Order (Docs. 161-162) are, therefore, **AFFIRMED.**

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge
